925 F.2d 1457
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy MARCUM, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-1036.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided Feb. 19, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Ray Edmond Ratliff, Jr., Charleston, W.Va., for petitioner.
 
 
 1
 Russell Alan Shultis, Office of the Solicitor, United States Department of Labor, Washington, D.C. (Argued), for respondent; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 4
 Before WILKINSON and NIEMEYER, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM:
 
 5
 Appellant Jimmy Marcum appeals the decision of the Benefits Review Board affirming the Administrative Law Judge's ("ALJ") denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. First, Marcum challenges the finding of the ALJ that the medical evidence was insufficient to invoke the interim presumption under 20 C.F.R. Sec. 727.203(a)(2). Second, Marcum contends that the ALJ erred in determining that invocation of the presumption pursuant to 20 C.F.R. Sec. 410.490(b)(1)(ii) was not established by the evidence. We affirm the decision of the Benefits Review Board as to these issues. Lastly, Marcum argues that the ALJ erred in failing to consider whether invocation was established pursuant to 20 C.F.R. Sec. 727.203(a)(4). We agree and remand for further consideration of the evidence in relation to Sec. 727.203(a)(4).
 
 I.
 
 6
 Under Sec. 727.203(a)(2), a claimant is presumed to be totally disabled due to pneumoconiosis if qualifying ventilatory study evidence establishes the presence of disease by demonstrating test values equal to or less than the values listed in the regulation. Under the standards required by regulation, the ALJ found that a pulmonary function test administered by Dr. Pathom Thavaradhara on June 12, 1987 did not support invocation of the presumption under Sec. 727.203(a)(2) because it revealed a nonqualifying maximum voluntary ventilation ("MVV") value. The ALJ thus found that Marcum had failed to invoke the presumption pursuant to Sec. 727.203(a)(2). The Benefits Review Board affirmed.
 
 
 7
 On appeal, appellant argues that the ALJ incorrectly used the observed MVV value instead of calculating the MVV value from the forced expiratory volume ("FEV") value, which would have yielded a qualifying MVV. Specifically, Marcum argues that the Thavaradhara study should be evaluated under the quality standard in Sec. 410.430 and that, under Sec. 410.430, an ALJ has discretion to use a calculated MVV instead of an observed one. The Director maintains that the study should be evaluated under the standard of Sec. 718.103 but that, under either standard, the ALJ is required to use the observed MVV value. We need not resolve the question of which standard is applicable because the ALJ did not err in using an observed MVV, whichever standard--Sec. 410.430[1] or Sec. 718.103[2]--is used.
 
 
 8
 Marcum also argues that the ALJ failed to consider some of the evidence and erred in his evaluation of the remainder of the evidence. After a review of the record, we find that any errors by the ALJ are harmless. In addition, the ALJ did not abuse his discretion in weighing all the evidence, see Mullins Coal Co. v. Director, O.W.C.P., 484 U.S. 135 (1987), finding the most recent studies to be the most probative, and holding that the evidence was insufficient to invoke the presumption under Sec. 727.203(a)(2).
 
 II.
 
 9
 Next, appellant Marcum contends that the ALJ erred in finding that the evidence did not support invocation of the presumption under Sec. 410.490(b)(1)(ii). Marcum argues that he must be allowed to invoke the presumption of Sec. 410.490 if it is less restrictive than Sec. 727.203. See Pittston Coal Group v. Sebben, 488 U.S. 105 (1988). However, having the ventilatory studies considered under Sec. 410.490(b)(1)(ii) gives Marcum no benefit because the qualifying values are the same under both sections. Therefore, we agree with the Benefits Review Board that the ALJ's finding of no invocation of the presumption under Sec. 410.490(b)(1)(ii) should be affirmed in the light of the fact that the ALJ found no invocation under Sec. 727.203(a)(2).
 
 III.
 
 10
 Marcum and the Director agree that the ALJ erred in failing to address the evidence as it related to invocation under 20 C.F.R. Sec. 727.203(a)(4).[3] Of the three medical reports in evidence, two concluded that Marcum did not suffer from a totally disabling respiratory impairment. The third report--written by Dr. Alberto Lee after examining Marcum on July 28, 1987--is unclear. Because Dr. Lee's report could be interpreted as finding Marcum to be totally disabled, we remand for further consideration of the evidence under Sec. 727.203(a)(4).
 
 
 11
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 [1]
 "The MVV or the MBC reported should represent the observed value and should not be calculated from FEV." 20 C.F.R. Sec. 410.430
 
 
 [2]
 "If the MVV is reported, the results of such test shall be obtained independently rather than calculated from the results of FEV." 20 C.F.R. Sec. 718.103
 
 
 [3]
 Presumption invoked if: "Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. Sec. 727.203(a)(4)